# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                            Civ. No. 11-1126

$66,665.00 IN UNITED STATES CURRENCY,

    *Defendant,*

and

WILLIE RAYMOND HALL,

    *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1.    This is a civil action *in rem* for forfeiture of Defendant Currency which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.    The "res" or property which is the subject of this action consists of Sixty-Six Thousand Six Hundred Sixty-five ($66,665.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

**PARTIES AND CLAIMANTS**

5.      The following persons may claim an interest in Defendant Currency:

   (a).   Willie Raymond Hall at 135 Ocean Street, Lynn, MA 01902 and/or 24 Nichols Street, Apartment 2, Lynn, MA 01902, whose attorney is Geoffrey G. Nathan, Esq., 132 Boylston Street, Fifth Street, Boston, MA 02116.

**FACTS**

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.      On August 23, 2011, Drug Enforcement Administration (DEA) Agents reviewed the Amtrak Train Reservation for passenger Willie Raymond Hall. Hall purchased a one-way cash train ticket from Boston, MA, to Chicago, IL, on August 21, 2011, twenty-six (26) minutes prior to departure. Hall transferred to a train from Chicago to Los Angeles, CA.

7.      On August 23, 2011, a DEA Agent, a New Mexico State Police (NMSP) officer, and a U.S. Border Patrol Agent in Albuquerque, NM, awaited the arrival of the Amtrak train from Chicago.

8.      A DEA Agent approached Hall and identified himself as a DEA Agent while Hall was seated in the coach section of the train. The DEA Agent requested and received verbal consent from Hall to speak with him. Hall stated he was traveling to Los Angeles from Boston for a week or so and had not made plans to travel home yet. The DEA Agent requested and received verbal consent from Hall to search his luggage for weapons and contraband. The Defendant Currency ($66,665) was found in a green tackle box in a blue carry-on bag in the

overhead luggage rack above where Hall was seated. The green tackle box had grey duct tape on top of it.

9. Hall said the money was his and he was buying a house in San Diego. Hall stated he earned the money from working at a warehouse but he has been unemployed for a few months. Hall stated he flew out to San Diego about two months ago, and he was not working with a real estate agent.

10. The DEA Agent asked Hall if there was anyone who could verify his story. Hall replied his sister knew about his trip. Hall telephoned his sister and let the DEA Agent speak with her. The sister could not verify any part of Hall's story and did not know where Hall would have obtained a large sum of money.

11. The Defendant Currency was seized.

12. Hall was provided with a receipt for the Defendant Currency and allowed to continue on his trip to California.

13. The DEA Agent transported the Defendant Currency and the green tackle box to the DEA Albuquerque District Office, where an NMSP Officer deployed her trained and certified drug detection canine on the Defendant Currency. The canine alerted positively to the Defendant Currency for the odor of illegal controlled substance.

14. The Defendant Currency consisted of: 249 $5 bills; 425 $10 bills; 1,741 $20 bills; 273 $50 bills; and 127 $100 bills.

15. Hall has a criminal and drug history.

16. Hall is unemployed.

## CLAIM FOR RELIEF

17. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

18. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

## 28 U.S.C. § 1746 Declaration

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12/22/11

_____
Kevin Small, Special Agent
Drug Enforcement Administration